**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

*Mailing Address:* *147 Pierrepont Street*
*Brooklyn, New York 11201*

April 16, 2006

**By ECF and E-Mail**
The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Basciano, et al.
Criminal Docket No. 03-929 (NGG)

Dear Judge Garaufis:

In light of the Court's opinion dated April 16, 2006, the governments seek a ruling on the following issues prior to the time that the government is required to rest its case (or alternatively, the government requests the right to reopen its case once these issues are resolved):

(1) whether the Court will charge the jury with a missing witness instruction;

(2) whether the defendants' admission of the cooperation agreement of Joseph Massino "opens the door" to Massino's testimony during the government's rebuttal case as to the substance of his cooperation, namely the information he provided as to the defendants;

(3) the extent to which the government will be permitted to question Massino, during its rebuttal case, on the full extent of his cooperation, including the fact that Massino provided information about Basciano's involvement in the threat to a federal law enforcement official; and

(4) the propriety of the defendant's possession of the annotated Massino 302s (which likely constitutes privileged information which was disseminated without Massino's knowledge).

Further, the government provides notice that should the defendants' admit Massino's cooperation during the defense case, the government expects to call Joseph Massino as a rebuttal witness (or alternatively depending on the Court's rulings on this issue, the government may call Massino as a witness in its case-in-chief).

**1. Missing Witness Charge**: The parties have briefed the issue of a missing witness charge and accordingly, the government does not address the substance of this issue here. Rather, as noted, the government seeks a ruling on this issue prior to the time that the government must rest.

**2. Admission of Massino's Cooperation Agreement**: In light of the Court's decision to allow the admission of Massino's cooperation agreement, the government seeks a ruling as to whether the admission of this agreement will allow the government to call Massino as a rebuttal witness and to question him at that time about the charges at issue, including the Sciascia and Santoro murders, as well the soliciation to murder Dominick "Donnie" Martino - or any other crime of the defendants of which Massino has knowledge. Clearly, the defendants' seek to admit Massino's cooperation agreement to establish that he is available to the government and then to argue that Massino has information that is favorable to the defense. (Court's April 16, 2006 Memorandum & Order, 5-6)("The defense argues that it should be allowed to present evidence that would allow the jury to infer that the Government did not call Massino, despite its ability to do so, because Massino would have hurt the Government's case."). The government, therefore, must be permitted to rebut this defense by calling Massino as a witness and allow him to testify about his information regarding the defendants' crimes (which is not in fact favorable to the defense). In short, the defense should not be permitted to admit Massino's cooperation agreement and argue that he had information favorable to the defense, without the opportunity for the government to present Massino's information, through his testimony, to the jury.

**3. Extent of Questioning of Massino**: Further, since the defendants have stated their intent to admit Massino's cooperation agreement, the government request a ruling as to the extent to which the government may question Massino about the details of his cooperation, to include the fact that he provided information about a threat to a federal law enforcement official and the fact that he made consensual recordings. As established at the Massiah hearing in this matter, the primary factor which led to Massino's cooperation was the fact that he provided information pertaining to the threat of a federal law enforcement

official. Further, the Court has ruled that Massino's cooperation was not finalized by the government until after November 2004. (See Massiah Hearing, 273)(the government "establish[ed] that before the conversations in question, Massino had been told, on or about November 12, 2004, that there was no chance of a cooperation agreement. The only subject still open to negotiation was whether he was willing to plead guilty to the charge of murdering Gerlando Sciascia in his case in which the Attorney General had previously certified the prosecution for a possible sentence of death."). While the Court has previously precluded the admission of any evidence pertaining to the threat to a federal law enforcement official, that issue arose with respect to whether the government would admit such evidence during its case-in-chief and not about the specific issue of providing a full description to the jury of Massino's cooperation. By admitting Massino's cooperation agreement into evidence, and only that evidence, the defense has now raised a different issue – namely the nature and extent of Massino's cooperation.

**4. Massino's Annotated 302s**: In prior filings the government has sought an explanation from the defense as to how they came into possession of Massino's annotated 302s, which likely constitutes Massino's privileged materials. The government seeks a ruling on this issue prior to the time that Massino is called as a witness (either by the defendant Basciano or by the government) because if this material is deemed privileged and the defendants are not properly in possession of this material it should not be used during his direct/cross-examination.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney

By: Greg D. Andres
Greg D. Andres
Amy Busa
Winston Chan
Assistant U.S. Attorneys

cc: Clerk of Court (NGG)
Barry Levin, Esq.
Richard Levitt, Esq.